**FILED**

**AUG -5 2015**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Billy Driver Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-650 (UNA) |
| | ) | |
| United States District Court(s) for the | ) | |
| District(s) of California *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a California state prisoner who has brought suit under 42 U.S.C. § 1983 against the U.S. District Court in California and California Governor Edmund G. Brown, Jr. *See* Compl. ¶¶ 1, 4, 5. Plaintiff alleges that the Central, Northern and Eastern Districts of California have "subjected [him] to imminent danger(s) when [each district] deliberately conspired to deprive plaintiff of his right to trial by jury . . . ." Compl. ¶ 4. He refers to cases filed from 1992 to 2015. *See id.* ¶¶ 6-7.

The complaint essentially challenges judicial rulings, which this Court has no authority to review. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986));

1

*Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) ("By filing a complaint in this Court against federal judges who have done nothing more than their duty . . . Fleming has instituted a meritless action.") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Moreover, plaintiff purports to sue Governor Brown "in his individual and official capacities," Compl. ¶ 5, but he alleges no facts showing that Brown was personally involved in the alleged misconduct and he describes Brown's role "as overseer and head" of the California Department of Corrections. *Id.* Consequently, the Court finds this aspect of the complaint to be an official-capacity lawsuit, which "in all respects other than name, [is] to be treated as a suit against the entity [state of California]." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] The U.S. Supreme Court has made clear that § 1983 does not waive a state's immunity from suit. *See Graham*, 473 U.S. at 169-70 (concluding that "an official-capacity action for damages could not have been maintained against [Kentucky] Commissioner Brandenburgh in federal court."). Hence this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: August 3, 2015

United States District Judge

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).